# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**September 3, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Tonya R. Lee,**
**Respondent Below, Petitioner**

**vs.)  No. 19-0531** (Kanawha County 18-D-177)

**Lonnie V. Lee,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tonya R. Lee, by counsel Patrick L. Cottrell, appeals the May 7, 2019, order of the Circuit Court of Kanawha County affirming the December 26, 2018, order of the Family Court of Kanawha County setting forth the equitable distribution of marital assets in the parties' divorce proceeding. Respondent Lonnie V. Lee, by counsel Michael T. Clifford, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The record of the underlying proceedings submitted by petitioner in support of her appeal is sparse and consists only of the family court's December 26, 2018, order and the circuit court's May 7, 2019, order. From the appellate record, we glean the following: The parties were divorced by the Family Court of Kanawha County in a bifurcated divorce proceeding. Following a November 19, 2018 hearing, the family court set forth the equitable distribution of marital assets by order entered on December 26, 2018. Relevant here, the family court (1) awarded a Silverado to petitioner and a Camaro to respondent with each party being financially responsible for his or her respective vehicle, "including debts, insurance[,] and taxes"; and (2) awarded respondent one-half

1

of the principal reduction on the debt secured by the marital home in the amount of $9,146.65.[1] Petitioner appealed the family court's December 26, 2018, order to the Circuit Court of Kanawha County. Following an April 2, 2019, hearing, the circuit court affirmed the December 26, 2018, order, finding that "[t]he family court heard the testimony of the parties and made credibility determinations that appear reasonable[.]"

Petitioner now appeals the circuit court's May 7, 2019, order affirming the family court's December 26, 2018, order. In reviewing circuit court orders affirming family court orders, "we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl., in part, *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

On appeal, petitioner argues that the family court erred in refusing to award petitioner an unspecified amount in property taxes petitioner previously paid on respondent's Camaro and awarding respondent one-half of the principal reduction on the debt secured by the marital home. Respondent counters that the circuit court properly affirmed the family court's December 26, 2018, order. Respondent further argues that petitioner failed to comply with the West Virginia Rules of Appellate Procedure. We agree with respondent.

Rule 10(c)(7) of the Rules of Appellate Procedure provides, in pertinent part, that "[t]he argument [in the appellate brief] must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." In *State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994), we stated that we must "take as non[-]existing all facts that do not appear in the [appendix] record and will ignore those issues where the missing record is needed to give factual support to the claim." Here, petitioner failed to include a transcript of the November 19, 2018, family court hearing in her appendix.

As found by the circuit court,

> . . . [t]he record of the hearing revealed that both parties claimed paying for the various bills and obligations of the household during the marriage, including the personal property taxes on the vehicles, house payments, and vehicle payments. The family court noted that the only financial documentation upon which the family court could rely was provided by [respondent], which showed that [respondent] had received grants for schooling, unemployment compensation, worker's compensation, and he worked for part of the marriage. [Petitioner] testified that she worked for the entire marriage as a [c]ertified [n]urse [a]ssistant, and paid all bills and obligations.

---

[1]Petitioner acquired the home prior to the parties' marriage, and it remained her separate property.

At the hearing, the family court noted [petitioner]'s lack of documentation to prove payments for various bills and that some documents showed that [respondent] made payments on the recreational vehicle (side by side) as the loan was in [respondent's] name. The family court further noted that the house was [petitioner]'s separate property as she owned it prior to the marriage, and further found that [respondent] made payments on the Camaro (his personal vehicle) and the contested recreational vehicle (side by side).[2] [Petitioner] claimed to have made all payments with her separate money from her separate bank account.

. . . .

[Petitioner]'s testimony was that she paid for everything and put [respondent] through nursing school. However, the record finds that [respondent] paid for his own schooling and had other incomes, including some from working, some from worker's compensation, and some unemployment benefits. *The family court, taking these other factors into consideration regarding the equity in the house, the recreational vehicle (side by side), and the personal property taxes, found that [petitioner]'s testimony was simply not credible in light of [the] other evidence. Simply stated, the family court found no reason to deviate from the presumptive 50/50 equitable distribution, and ultimately found the equity in [petitioner]'s house was marital, as well as the value of the recreational vehicle (side by side), and that the property taxes previously paid by [petitioner] were paid with marital funds.*

(Paragraph numbers and footnotes omitted) (Emphasis and footnote added).

"An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Here, petitioner concedes that the family court rejected her argument that the payment receipt she offered as evidence established that she paid the personal property taxes on the vehicles with her own separate funds. As the circuit court noted, "at the end of the [November 19, 2018, family court] hearing[,] . . . both parties admitted that the contested payments were all made with marital funds, and . . . it was unlikely that [petitioner] made all payments on the vehicles and [the] house in light of the contrary evidence[.]" Therefore, we reject petitioner's argument that the family court erred in refusing to award petitioner an unspecified amount in property taxes petitioner previously paid on respondent's Camaro.

With regard to the family court's finding that the equity in petitioner's house was marital property, West Virginia Code § 48-1-233(2)(A) provides, in pertinent part, that "marital property"

---

[2]In the circuit court, petitioner challenged the family court's ruling that the side-by-side and its trailer be sold with the proceeds divided between the parties. However, on appeal here, petitioner does not assign error to the sale of the side-by-side and its trailer.

includes "[t]he amount of any increase in value in the separate property of either of the parties . . ., which increase results from: (A) an expenditure of funds which are marital property, including an expenditure of such funds which reduces indebtedness against separate property, extinguishes liens, or otherwise increases the net value of separate property." Here, petitioner admitted at the November 19, 2018, hearing that the contested payments were made with marital funds following the family court's finding that her testimony to the contrary was not credible. Therefore, we find that the family court did not err in awarding respondent one-half of the principal reduction on the debt secured by the marital home in the amount $9,146.65.[3] Accordingly, we conclude that the circuit court's affirmation of the family court's equitable distribution of marital assets was proper.

For the foregoing reasons, we affirm the circuit court's May 7, 2019, order affirming the family court's December 26, 2018, order setting forth the equitable distribution of marital assets.

Affirmed.

**ISSUED:** September 3, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[3]We decline petitioner's invitation to revisit the availability of the source of funds doctrine we previously addressed in *Whiting v. Whiting*, 183 W. Va. 451, 396 S.E.2d 413 (1990). In Syllabus Point 6 of *Whiting*, we held that "[t]he source of funds doctrine is ordinarily not available to characterize as separate property that property which has been transferred to joint title during the marriage." *Id.* at 453, 396 S.E.2d at 415. We find that this case is distinguishable from *Whiting* in that petitioner's house was never transferred to joint title during the marriage—remaining her separate property—and the family court's finding characterizing the equity in the house as marital property was not erroneous given the definition of "marital property" as set forth in West Virginia Code § 48-1-233(2)(A).

4